SAVOY, Judge.
Plaintiff instituted a boundary action, to which defendants answered and also entered a plea of prescription.
The lower court overruled the plea of prescription and ordered a survey be made to establish the boundary. Thereafter, the survey and procés verbal of the court-appointed surveyor were homologated. As a result, the boundary line was established approximately fifty feet farther south, that line being plaintiff’s south property line and defendants’ north property line.
For the purposes of this appeal, the parties do not contest the above described actions of the lower court; they are not at issue on this appeal, and we will not discuss them further. They simply lay the foundation for the remainder of this opinion.
Thereafter, the defendants filed a petition seeking certain relief. The plaintiff answered and filed a reconventional demand, which was answered by defendants. The nature of these claims and cross-claims are as follows:
The defendants contend that:
(a) On the fifty foot strip in question, defendants landscaped a distance of about 1000 feet back from the highway;
*656 (b) Defendants also built a dam and a pond, and that the dam and part of the pond are within that strip of land;
(c) Those said improvements were made by defendants in good faith, believing that they were being placed on defendants’ own land;
(d) Defendants are entitled to reimbursement for the reasonable value of the landscaping work, and are further entitled to be paid either the reasonable value of the dam and pond, or the cost of removal and relocation of same.
The plaintiff contends that:
(a) Defendants were not in good faith, having been prewarned that the property line in question was not necessarily in its correct location;
(b) Consequently, defendants are entitled to no reimbursement;
(c) Alternatively, if defendants were in good faith, plaintiff elects to reimburse the defendants only for the enhanced value of plaintiff’s land;
(d) The value of plaintiff’s land was in no way enhanced, and consequently, plaintiff owes defendants nothing;
(e) Likewise, with regard to the landscaping done by defendants;
(f) The presence of the dam depreciates the value of plaintiff’s bottom land and interferes with the flow of water into a pond belonging to plaintiff, for which defendants should be held indebted in damages to plaintiff;
(g) As alleged in plaintiff’s initial petition, the Department of Highways of the State of Louisiana previously purchased a right-of-way from both plaintiff and defendants, and plaintiff is entitled to reimbursement from defendants for any money paid to defendants applicable to land actually owned by plaintiff.
On those issues the lower court rendered judgment which denied plaintiff’s claim for damages, denied defendants’ claim for reimbursement or cost of relocation, gave judgment to plaintiff for a proportionate share of the money paid to defendants by the Department of Highways and assessed all costs of court against defendants, except to divide equally between the parties the cost of the survey to-establish the boundary line.
From that judgment the defendants have appealed, and plaintiff has answered the appeal.
This Court finds that defendants were in good faith regarding placement of the darn and pond. While the defendants were aware that a formal survey had never been made, an old fence had been standing for a number of years about fifty feet north of the subsequently established boundary line. The size of the respective properties, ten acres each out of an original twenty acre tract, was such that a discrepancy of fifty feet certainly would not have been apparent to the naked eye. The defendants’ property was fairly heavily wooded up to the old fence, and plaintiff’s property was relatively clear by comparison from the fence north, thus creating a visual situation tending to suggest the old fence as the boundary. Prior owners of defendants’ land had, in past years, sold timber up to the old fence. While there had been prior conversations between plaintiff and defendants about the property line, the record does not reveal that there had been-any unequivocal statements made or positions taken. Plaintiff purchased her tract in 19S0; defendants purchased theirs in 1958; defendants’ pond and dam were built about a year or so after their purchase; plaintiff’s suit was not brought until 1962.
With the finding of good faith, the parties are thus placed under the provisions of the fourth paragraph of LSA-Civil Code *657 Article 508, which provides that in the case of a third person evicted, hut who has possessed in good faith, the true owner may either reimburse the value of the materials and the price of workmanship, or reimburse a sum equal to the enhanced value of the soil.
With further reference to Civil Code Article 508, it also treats the subject of bad faith possessors. It is only they who can he assessed with damages.
With regard to whether plaintiff must reimburse defendants on either a value-price or enhanced value basis, we again feel that the lower court’s judgment denying such claims was correct. While Mr. Jacks on estimated his cost on the dam and pond, he had no records' on which to substantiate it, and, in addition, a good part of the work was done without cost to him by a friend whom he assisted in various ways from time to time. The record further reveals that there was no enhanced value to plaintiff’s property. Most of the dam and only a very small part of the pond lie upon plaintiff’s land. Only one witness testified on the specific question of enhancement, Mr. George W. Black, Jr., a real estate man. He felt that there was no enhancement for the reasons that the property would bring the same price with or without the dam and pond and that what possible esthetic value there might be would be offset by a probable detriment to plaintiff’s natural watershed caused bythe dam. The lower court’s judgment should remain undisturbed on this issue.
Plaintiff is entitled to reimbursement for a proportionate share of the money paid to defendants by the Department of Highways for a right-of-way along the westerly edge of their respective properties, since part of the price paid was for land actually belonging to plaintiff. Defendants should not be unjustly enriched therefor. LSA-C.C. Article 2301. The lower court estimated the proportionate figure at $196.20, which coincides with this Court’s calculations. While plaintiff asked for a higher price in her answer to this appeal, she agrees in her brief that the figure is correct.
The only remaining issue for decision is raised by plaintiff’s brief, in which she cites authority for the proposition that defendants should be assessed with the full cost of the survey made. The cases cited set forth that the general rule of Civil Code Article 663, providing that the boundaries between contiguous estates be established at the joint expense of the proprietors, does not apply where a party has tried to settle the boundary amicably with the adverse owner and is forced by the adverse owner to resort to litigation. However, the evidence shows that defendants had agreed with plaintiff to share half the cost of having a line run by a surveyor for the purpose of straightening the existing fence, and this was testified to by the surveyor with regard to the purpose for which he had been hired, the estimated cost to be but $50.00. In his attempt to do so, he then discovered that the existing fence was not on the true property line. The surveyor, it should be noted, was hired by plaintiff, not by defendants, and he dealt directly with plaintiff. He did not inform defendants of the inability to run the line along the old fence, since, as he testified, his responsibility was to plaintiff, and he had no direct relationship with the defendants. The record does not reveal that defendants were ever specifically requested to join in an actual survey of the properties as such, and we feel, as did the lower court, that the cost of the survey subsequently made should be divided between the parties.
Defendants question the correctness of the lower court in assessing all other costs against defendants. We find no error therein, since defendants lost on their plea of prescription, their opposition to the homologation of the court-appointed surveyor’s procés verbal and survey, and on their subsequent claim for reimbursement.
*658 For the reasons assigned, the judgment of the lower court is affirmed in all respects.
Costs of this appeal are assessed against defendants-appellants.
Affirmed.